**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:16-cv-02699-DCN |
| vs. | ) | |
| | ) | |
| CHARLOTTE PLASTERING, INC., | ) | |
| ASHER KIAWAH ISLAND, LLC, | ) | |
| SIMONINI BUILDERS OF SOUTH | ) | **ORDER** |
| CAROLINA, INC., and SIMONINI | ) | |
| BUILDERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.   BACKGROUND

This case is an insurance coverage dispute.   Owners Insurance Company

("Owners") issued a commercial general liability policy to Charlotte Plastering, Inc.

("CPI").  Def.'s Mot. 3.  The underlying action, captioned Asher Kiawah Island, LLC

v. Charlotte Plastering, Inc. et al., was filed in the South Carolina Court of Common

Pleas in Charleston County on April 16, 2015.  Id.  The underlying action alleges that

CPI "supplied materials, installed stucco, and/or performed other work" on the Asher

Kiawah Island Residences ("Asher"), and that the stucco applied to the Asher

residence is defective.  Id.  On August 1, 2016, Owners filed a declaratory judgment

action in this court to determine whether coverage exists pursuant to CPI's

commercial general liability policy with respect to the underlying action.  ECF No. 1.

Owners filed this motion for summary judgment arguing that North Carolina law

applied to the interpretation of the subject insurance policies on January 13, 2017,

ECF No. 26, to which Asher responded on January 27, 2017.  ECF No. 27.  Owners

1

replied on January 31, 2017, ECF No. 31, and Ashers filed a sur-reply on February 8, 2017. ECF No. 32. The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III.  DISCUSSION

Owners moves for summary judgment, arguing that North Carolina substantive law governs the dispute. Def.'s Mot. 4. Asher asks the court to deny the

summary judgment motion until discovery is complete.  Def.'s Resp. 9.  The court

refrains from taking up the substantive conflict of laws issue until discovery in this

case has been completed.

Generally, "summary judgment [must] be refused where the nonmoving party

has not had the opportunity to discover information that is essential to his

opposition."  Anderson, 477 U.S. at 250 n. 5.  If a party believes that more discovery

is necessary for it to demonstrate a genuine issue of material fact, the proper course is

to file a Rule 56(f) affidavit stating "that it could not properly oppose a motion for

summary judgment without a chance to conduct discovery."  Evans v. Technologies

Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996).

Under the current consent amended scheduling order, entered on September

27, 2016, the deadline for discovery in this case is April 18, 2017.  ECF No. 18.

Owners filed this motion for summary judgment on January 13, 2017—more than

three months before discovery was scheduled to end.  ECF No. 26.  Asher states that

it received Owners' incomplete responses to its discovery requests on the same day

that its response to Owners' summary judgment motion was due, and that there is

evidence that has yet to be discovered that could further bolster its opposition to

Owners' summary judgment motion.  Pl.'s Resp. 9.  In support of this argument,

Asher attached a Rule 56(f) declaration to its response stating that Owners' discovery

responses were lacking in substance, incomplete, non-responsive, and based upon

inapplicable objections.  Pl.'s Resp., Ex. H, Rule 56 Declaration.  Further, Asher

states that there is no way to prove Owners' actual knowledge of what risks it was

insuring—an issue relevant to the choice of law analysis—until Owners produces a

number of documents that Asher has sought and produces Rule 30(b)(6) witnesses for

depositions.  Id.  Specifically, Asher seeks documents regarding Owners'

underwriting files, claims handling files, insurance applications, and other

communications between Owners and its insured.  Id.

Based upon the current scheduling order and Asher's Rule 56 declaration that

further discovery is necessary for it to adequately oppose the motion, the court denies

Owners' motion for summary judgment without prejudice.  After discovery is

complete, Owners may refile its motion for summary judgment.  The court will be in

a better position to evaluate the complete arguments of both parties and can make a

ruling on the applicable choice of law at that time.

## IV.   CONCLUSION

For the reasons set forth above, the court denies Owners' motion for summary

judgment without prejudice.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 22, 2017**
**Charleston, South Carolina**

5